UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:07 CR 131 ERW |
| | ) | DDN |
| DAVID LEE HARLEY, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION REGARDING
## APPEAL FROM DETENTION ORDER

This matter is before the court upon the appeal of defendant David Lee Harley from the detention order issued on September 11, 2007, which was referred to the undersigned under 28 U.S.C. § 636(b). Doc. 29.

Defendant Harley is charged by indictment with illegally possessing two semi-automatic rifles on December 30, 2006 after having been convicted of the felony offenses of possessing controlled substances in 1999 and in 2003. The maximum statutory punishment includes imprisonment for not more than ten years.

On September 11, 2007, following a detention hearing, the undersigned issued a detention order. From the record, the undersigned found

> by clear and convincing evidence that the release of defendant David Lee Harley upon his own recognizance, an unsecured appearance bond, or any condition or combination of conditions will not reasonably assure that defendant will appear in court when required and will not reasonably assure that defendant will not violate the law.

(Doc. 18.)

On October 31, 2007, defendant pled guilty and sentencing is set for January 28, 2008. On that date a written plea agreement was filed with the court, which defendant had signed wherein defendant agreed to the alleged prior convictions and that he had possessed the alleged firearms following an incident in which shots were fired. (Doc. 28.)

On November 26, 2007, defendant appealed the detention order. He argues that the detention order does not include a finding that the release of defendant "will endanger the safety of any other person or

the community" as set forth in 18 U.S.C. § 3142(e). The government opposes the appeal.

Defendant's argument is without merit. Assuming the subject finding by the undersigned in the detention order ("will not reasonably assure that defendant will not violate the law") is not legally sufficient under the Bail Reform Act of 1984, which the undersigned does not conclude, defendant is not entitled to release therefor. The Bail Reform Act of 1984 calls for the detention of a defendant, whose release, with or without conditions, will not reasonably assure that the defendant will appear as required **or** will endanger the safety of any other person or the community. In the statutory calculus required by the Act, the court must release a defendant on personal recognizance or an unsecured appearance bond, "unless the [court] determines that such release will not reasonably assure the appearance of the person as required **or** will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b)(emphasis of disjunctive added). The undersigned made this finding in the conjunctive in the detention order.[1]

Assuming the judicial officer does not find that the person is to be released under § 3142(b), as was the case with defendant, the Bail Reform Act requires the judicial officer to consider releasing the defendant upon the least restrictive condition or combination of conditions of release that will both "reasonably assure the appearance of the person **and** the safety of any other person and the community." 18 U.S.C. § 3142(c)((B)(emphasis of conjunctive added). The undersigned made this finding in the conjunctive in the detention order. [2]

---

[1] "From this record, the court finds by clear and convincing evidence that the release of defendant David Lee Harley upon his own recognizance, an unsecured appearance bond . . . will not reasonably assure that defendant will appear in court when required and will not reasonably assure that defendant will not violate the law." Doc. 18 at 2.

[2] "From this record, the court finds by clear and convincing evidence that the release of defendant David Lee Harley upon . . . any condition or combination of conditions will not reasonably assure that defendant will appear in court when required and will not reasonably
(continued...)

The pivotal issue on defendant's appeal is whether the court's finding that if released no condition or combination of conditions will reasonably assure that defendant will not violate the law is the legal equivalent of the required statutory finding that defendant's release will endanger the safety of any other person or the community.

The record before the court, when the detention order was issued, included defendant's substantial criminal record of law violations. This record included, and the undersigned made specific findings of fact regarding, not only the convictions alleged in the indictment, but also the fact that the December 30, 2006 arrest out of which the instant indictment arose included defendant accidentally stabbing someone while waiting with two firearms to ambush others he believed were out gunning for him. The undersigned also found that defendant's criminal record also includes arrests for resisting arrest six times, two failures to appear in court, violating an adult abuse order, obstructing justice by purposely misidentifying a person who was with him during a marijuana incident, violating state parole by possessing cocaine base and committing assault, threatening to assault a woman in January 2007 who reported that he had attempted to sexually assault her, and harassing a woman in May 2007 because he believed she told the police about his drug activities. (Doc. 18 at 1-2.)

The undersigned may not have tracked the precise, general language of § 3142(c) when making the general findings that call for detention, but the specific findings of fact made by the undersigned about defendant's criminal record, described above, expressed the same findings in more specific language. Each of the specific facts set forth above indicates a violation of the law involving defendant putting at risk the safety of the community and of the specific individuals involved in the incidents.

Furthermore, irrespective of the finding regarding the defendant likely to violate the law, detention was indicated by the Bail Reform Act when the court made the statutory finding by clear and convincing evidence that the release of defendant Harley upon his own recognizance,

---

[2](...continued)
assure that defendant will not violate the law."  Doc. 18 at 2.

an unsecured appearance bond, or any condition or combination of conditions will not reasonably assure that he will appear in court when required. United States v. Maull, 773 F.2d 1479, 1488-89 (8th Cir. 1985)(detention based upon finding that release would not reasonably assure appearance in court affirmed); United States v. Leyba, 104 F. Supp.2d 1182, 1183 (S.D. Iowa 2000)("Detention can be based on either showing, but both are not required"). The record of the case at bar includes a criminal record of arrests for failing to appear in court and acting in other ways that indicate that defendant holds the processes of the court in contempt, e.g., resisting arrest, violating an adult abuse order, obstructing justice, and threatening witnesses. If released on any condition or combination of conditions, defendant would likely not appear in court as required.

Furthermore, defendant pled guilty to the serious offense charged in the indictment. Under the Bail Reform Act of 1984, defendant must be committed to custody pending sentencing if the sentencing guidelines indicate a sentence of imprisonment, unless the court "finds by clear and convincing evidence [both that defendant] is not likely to flee or pose a danger to the safety of any other person or the community." 18 U.S.C. § 3143(a)(1). The undersigned has not been advised that the sentencing guidelines do not indicate a sentence of imprisonment and the undersigned cannot make a finding by clear and convincing evidence that defendant would not flee or pose a danger to the safety of another or the community.

For all of these reasons,

**IT IS HEREBY RECOMMENDED** that the appeal of defendant David Lee Harley from the detention order issued in this action be denied.

The parties are advised they have ten days in which to file written objections to this Report and Recommendation. The failure to file timely, written objections may waive the right to appeal any issue of fact.

/S/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on December 19, 2007.